John D. Bennett, S.
In this accounting proceeding the decedent’s husband claims an interest in certain jewelry, and objects to that portion of the account which lists the jewelry as an asset of the estate.
The parties stipulated that at the time of decedent’s death the jewelry was located in two safe-deposit boxes in decedent’s name only, and objectant did not have access to either of the boxes. Objectant testified that he had possession of the jewelry in a safe-deposit box in his sole name until December, 1952, *560 and at the end of 1953 he discovered that the jewelry was missing from his box.
However, by will dated in February, 1951, decedent made provision for the disposition of the specific jewelry in question, referring to same as “my jewelry”. Article Fourth of this will indicates that she at one time pledged the jewelry, and t.bia paragraph directs that funds of the estate be used to redeem the pledge if necessary.
In 1948 objectant was involved in United States income tax litigation in which all of his property was attached. However, at the hearing it was proved that the jewelry in question was not among the property attached. The objectant testified that he carried insurance on the jewelry. The parties stipulated after an inquiry that if the insurance broker for objectant and decedent were called to testify, he would testify that the last jewelry insurance policy written for the account of decedent and objectant was issued in the name of decedent only, and expired in 1948.
There was testimony at the hearing to the effect that object-ant attempted, through his attorney, to buy the jewelry from the executrix and legatees after decedent’s death. A letter from the objectant to the executrix dated June 8, 1954 was received in which objectant referred to the appraisal of the jewelry for inheritance tax purposes. This, too, is inconsistent with any claim of ownership of the jewelry by objectant.
Finally, there is a compromise agreement dated September 19, 1955 in which objectant agreed to accept a specific sum in full payment and settlement of all his claims against the estate, however arising, and in which he discharged the estate, the executrix and the residuary legatees from all liability to him by reason of his interest in the estate. At the time this agreement was executed, objectant knew that the jewelry was claimed and treated as part of the estate.
From the foregoing varied and independent testimony elicited at the hearing it can only be concluded that objectant has not substantiated his assertion of title to the jewelry in question, a burden he is required to meet (6 Jessup-Redfield, Surrogates’ Law and Practice, § 5176; 4 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 383, par. 3, cl. [f]). The executor’s denial of the claim was proper.
The court accordingly determines as follows: (1) the account will be settled as filed; (2) the agreement dated the 19th day of September, 1955 is ratified, approved and confirmed; (3) the incidental relief requested is granted.
Submit decree on notice.